C/14

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
..................................................

UNITED STATES OF AMERICA,

VS.

PHILLIP FRANK
..................................................

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ DEC 7 2006 ★

BROOKLYN OFFICE

JUDGMENT INCLUDING SENTENCE

NO. __CR 05-40(JG)__
USM# __72377-053__

| Michael J. Ramos, Esq. | Henry Shapiro | Steven R. Kartagener, Esq. |
|---|---|---|
| Assistant United States Attorney | Court Reporter | Defendant's Attorney |

The defendant **Phillip Frank** having been found guilty to count one of the superseding indictment accordingly, the defendant is ADJUDGED guilty of such Count(s), which involve the following offenses:

| **TITLE AND SECTION** | **NATURE OF OFFENSE** | **COUNT NUMBERS** |
|---|---|---|
| 18USC 1347 | HEALTH CARE FRAUD | ONE |

The defendant is sentenced as provided in pages 2 through 4 of the Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1988.

___ The defendant is advised of his/her right to appeal within ten (10) days.
___ The defendant has been found not guilty on count(s) and discharged as to such count(s)
_X_ **The underlying indictment are dismissed on the motion of the United States.**
___ The mandatory special assessment is included in the portion of Judgment that imposes a fine.
_X_ **It is ordered that the defendant shall pay to the United States a special assessment of $100.00 which shall be due immediately.**

It is further **ORDERED** that the defendant shall notify the United States Attorney for this District within 30 days of any change of residence or mailing address until all fines, restitution, costs and special assessments imposed by this Judgment are fully paid.

NOVEMBER 29, 2006
Date of Imposition of sentence

s/John Gleeson
JOHN GLEESON, U.S.D.J.

Date of signature
A TRUE COPY ATTEST
DEPUTY CLERK

12-5-06

Vivian Klun

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **EIGHTEEN (18) MONTHS.**

\_\_\_ The defendant is remanded to the custody of the United States Marshal.

\_\_\_ The court recommends that the defendant be designated to the _____, if consistent with the Bureau of Prison policy.

\_\_\_ T he defendant shall surrender to the United States Marshal for this District.

\_\_\_ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons.

\_\_\_ \_\_\_-12:00 noon._____.
– As notified by the United States Marshal.
– As notified by the Probation Office.

## RETURN

I have executed this Judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____ at _____with a certified copy of this Judgment.

United States Marshal

By: _____

DEFENDANT: **PHILLIP FRANK**
CASE NUMBER **CR 05-40 (JG)**

## SUPERVISED RELEASE

Upon release from Imprisonment, the defendant shall be on supervised release for a term of: **THREE (3) YEARS.**

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

While on supervised release, the defendant shall not commit another Federal, State, or Local crime and shall comply with the standard conditions that have been adopted by this Court (Seaforth on the following page).

**The defendant is prohibited from possessing a firearm.**

The defendant shall not illegally possess a controlled substance.

If this Judgment imposes a restitution obligation, it shall be a condition of supervised release that the defendant pay any such restitution that remains unpaid at the commencement of the term of supervised release. The defendant shall comply with the following additional conditions:

- The defendant shall pay any fines that remain unpaid at the commencement of the term of supervised release.

- The defendant shall provide complete financial disclosure to the Probation Department.

## STANDARD CONDITIONS OF SUPERVISION

While the defendant is on probation or supervised release pursuant to this Judgment:

1) The defendant shall not leave the judicial district without the permission of the court or probation officer;

2) The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

8) The defendant shall support his or her dependents and meet other family responsibilities;

5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons:

6) The defendant shall notify the probation officer within 10 days prior to any change in residence or employment;

7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a Physician;

8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

10) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) The defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;

12) The defendant shall not enter into any agreement to act as an informer or special agent of a law enforcement agency without the permission of the court;

13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

## CRIMINAL MONETARY PENALTIES

**COUNT**                    **FINE**                    **RESTITUTION**

---

### RESTITUTION

____The determination of restitution is deferred in a case brought under Chapters 109A, 110, 110A, and 113A of the Title 18 for offenses committed on or after 9/13/1998, until _____. an amended judgment in a Criminal case will be entered after such determination.

____The defendant shall make restitution to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below.

**TOTALS:**_____
Findings for the total amount of losses are required under Chapters 109A, 110,110A, 113A of the Title 18 for offenses committed on or after September 13, 1998.

---

### FORFEITURE

**FORFEITURE AMOUNT:** $5,070,350.68
(The defendant shall forfeit the above amount pursuant to the attached order.)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA,

    - against -

PHILLIP FRANK,

             Defendant.
- - - - - - - - - - - - - - - - X

**PRELIMINARY
ORDER OF FORFEITURE**

Criminal No.
CR-03-0040 (JG)

**WHEREAS**, in the Forfeiture Allegation of the Indictment in the above-captioned case, the United States sought forfeiture pursuant to 18 U.S.C. 982(a)(7), which requires any person convicted of health care fraud to forfeit any property, real and personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable tot he commission of the offense alleged in Count One; and

**WHEREAS**, the defendant, PHILLIP FRANK, was found guilty by a jury of violating Count One of the Indictment by a jury to violating Count One of the Indictment, to wit, knowingly and willfully executing a scheme and artifice to defraud a health care benefit program, to wit: the Medicaid program, and to obtain by means of materially false and fraudulent pretenses, representations and promises, money and property owned by and under the custody and control of said health care benefit program, in connection with the delivery of and payment for health care benefits, items and services; and

**WHEREAS**, the defendant, LINDA ATOWE, has agreed to

forfeit to the United States all right, title and interest in any and all property, real or personal, involved in the violation of 31 U.S.C. § 5332(b), and property traceable to such property, including $261,434.00 in United States currency seized from the persons, handbags, carry-on items and luggage of the defendant, LINDA ATOWE, and others on or about March 6, 2003; and

**WHEREAS**, on June 22, 2006, a jury found defendant guilty of Count One of the Indictment; and

**WHEREAS**, by virtue of the above, and pursuant to 31 U.S.C. § 5332(b), and Rule 32.2(b) of the Federal Rules of Criminal Procedure, the United States is now entitled to forfeit from the defendant the sum of $5,070,350.68, which constitutes that grouss proceeds of traceable to the commission of the offense.

ACCORDINGLY, it is **HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS** on consent:

1. Pursuant to 18 U.S.C. § 982(a)(7), and Rule 32.2 of the Federal Rules of Criminal Procedure, a Forfeiture Money Judgment in the amount os $5,070,350.68 shall be entered against the defendant, PHILLIP FRANK.

2. The defendant PHILIP FRANK shall forfeit to the United States the sum of $5,070,350.68 (the "Forfeited Funds").

3. Upon entry of this Order, the United States Attorney General or his designee is authorized to seize and to conduct any discovery proper in identifying, locating or disposing of the

Forfeited Funds, in accordance with Fed. R. Crim. P. 32.2(b)(3).

4. Upon entry of this Order, the United States Attorney General or his designee is authorized to commence any applicable proceedings necessary to comply with the statutes governing the rights of third-parties, including giving notice of this Preliminary Order of Forfeiture.

5. Any petition filed by a third-party asserting an interest in the Forfeited Funds shall i) be signed by the petitioner upon penalty of perjury, (ii) set forth the nature and extent of the petitioner's right, title or interest in the Forfeited Funds, and (iii) any additional facts supporting the petitioner's claim and relief sought.

6. The United States may also, to the extent practicable, provide direct written notice to any person known to have an alleged interest in the Forfeited Funds as a substitute for publishing notice as to those persons so notified.

7. After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A), and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

8. If no third-party files a timely claim, the Court shall enter a Final Order of Forfeiture pursuant to Fed. R. Crim. P. 32.2(c), giving the United States clear title to the Forfeited

Funds.

9. In the event any third party files a timely claim, upon adjudication of all third-party interests, the Court will enter a Final Order of Forfeiture in which all interests will be addressed.

10. The Court shall retain jurisdiction to enforce this Preliminary Order, and to amend it as necessary pursuant to Fed. R. Crim. P. 32.2(e).

11. The Clerk of the Court shall forward six (6) certified copies of this Order to Assistant U.S. Attorney Orelia E. Merchant, United States Attorney's Office, Eastern District of New York, One Pierrepont Plaza, 14th Floor, Brooklyn, New York 11201.

Dated: Brooklyn, New York
December ___, 2006

_____  11-29-06
HONORABLE JOHN GLEESON
UNITED STATES DISTRICT JUDGE